IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADELITO GALE, M.D.; and HARISH CHAWLA, M.D., | ) ) ) | 2:08-cv-703-GEB-EFB |
| Petitioners, | ) ) | |
| v. | ) ) | ORDER[*] |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ) ) ) | |
| Respondent. | ) ) | |
|  | ) | |

J. Clark Kelso ("Kelso") moves to transfer this action to the United States District Court for the Northern District of California. Kelso asserts he was erroneously sued as California Department of Corrections and Rehabilitation ("CDCR"), and argues transfer is warranted under 28 U.S.C. § 1404 since the instant action

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1  is related to an action currently pending in that district.

2  Petitioner Harish Chawla ("Petitioner") opposes the motion.[1]

3  Petitioner is a physician who worked for CDCR by providing

4  medical care to inmates at a prison facility.  (Writ of Mand. ¶ 29.)

5  CDCR terminated Petitioner's employment in January 2008.  (Id. ¶ 33.)

6  Petitioner alleges his termination was "for a medical disciplinary

7  cause or reason," and occurred without him being provided a hearing

8  required under California Business and Professions Code sections 809

9  et seq.  (Id. ¶¶ 31, 34.)

10  Section 1404(a) provides that "[f]or the convenience of

11  parties and witnesses, in the interest of justice, a district court

12  may transfer any civil action to any other district or division where

13  it might have been brought."  28 U.S.C. § 1404(a).  Determination of

14  the pending motion requires evaluation of three factors: "(1)

15  convenience of the parties; (2) convenience of the witnesses; and (3)

16  the interest of justice."  Guthy-Renker Fitness, L.L.C. v. Icon Health

17  & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998) (citing Arley v.

18  United Pac. Ins. Co., 379 F.2d 183, 185 (9th Cir. 1967)).  Generally,

19  a plaintiff's choice of forum "should rarely be disturbed."  Sec. Inv.

20  Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).

21  Therefore, "[t]he burden is on the moving party to establish that a

22  transfer would allow a case to proceed more conveniently and better

23  serve the interests of justice."  Florens Container v. Cho Yang

24  Shipping, 245 F. Supp. 2d 1086, 1089 (N.D. Cal. 2002) (citing

25

26

27

28
_____

[1]      Petitioner represents that the other named petitioner, Adelito
Gale, has entered into a settlement agreement and "[a] dismissal of
[Gale] will be sought shortly."  (Opp'n at 2 n.1.)

1  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th

2  Cir. 1979)).

3       Kelso argues that Petitioner's choice of forum should not be

4  given substantial deference because it is not Petitioner's home forum.

5  (Mot. at 9:6-12.)  However, this bare argument is insufficient

6  indication of the location of Petitioner's home forum.

7       Kelso further contends that litigation in the Northern

8  District of California would be equally convenient for all parties and

9  witnesses as litigation in the Eastern District.  (Id. at 9:4-24.)

10  Petitioner counters that "transfer . . . should not be permitted

11  because [Kelso] has failed to show that [the Northern District] is any

12  more convenient of a forum than Petitioner's choice of forum."  (Opp'n

13  at 3:16-17.)  "Section 1404(a) provides for transfer to a more

14  convenient forum, not to a forum likely to prove equally convenient

15  . . . ."  Van Dusen v. Barrack, 376 U.S. 612, 645-646 (1964).  Since

16  Kelso has not demonstrated that the Northern District would be a *more*

17  convenient venue for parties or witnesses, this factor has not been

18  shown to favor transfer.

19       Kelso also contends the interest of justice supports

20  transfer, since the instant case "is clearly related" to Plata v.

21  Schwarzenegger, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005) ("Plata"), a

22  case pending in Northern District.  (Mot. at 8:4-5.)  Transfer may be

23  proper where a pending case is "intimately related" to an action in

24  another court.  Wireless Consumers Alliance, Inc. v. T-Mobile USA,

25  Inc., 2003 WL 22387598, at *5-6 (N.D. Cal. Oct. 14, 2003).

26       Plata involves a class action challenge to the California

27  prison medical care system.  See id. at *1.  The Plata court appointed

28  Kelso receiver with control over CDCR's medical services for the

3

1 purpose of "bring[ing] the delivery of health care in California

2 prisons up to constitutional standards." <u>Id.</u>  In May 2008, the <u>Plata</u>

3 court granted in part Kelso's motion to allow him to make changes to

4 the physician peer review process, including the process by which

5 physicians in California prisons are reviewed and terminated. <u>See</u>

6 <u>Plata v. Schwarzenegger</u>, -- F. Supp. 2d --, 2008 WL 2169347, at *1

7 (N.D. Cal. May 23, 2008).

8          Kelso argues the instant case is related to <u>Plata</u> because

9 the physician peer review process at issue in this case is also "being

10 closely examined by" the <u>Plata</u> court; and transfer is warranted to

11 "avoid the prospect of duplicative or inconsistent rulings . . . in

12 connection with the continued applicability of the current CDCR peer

13 review process."  (Mot. at 8:9-23.)

14          Petitioner counters that his action "involves a discrete and

15 straightforward violation of [section] 809, [and] contains entirely

16 distinct facts than the litigation in <u>Plata</u>."  (Opp'n at 4:11-16.)

17 Since relatedness of Petitioner's action to <u>Plata</u> has not been shown,

18 the motion is denied.

19          IT IS SO ORDERED.

20 Dated:  July 2, 2008

21

22 _____
   GARLAND E. BURRELL, JR.

23 United States District Judge

24

25

26

27

28

4